UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET L. CHUBB, *et al.*,<br><br>Plaintiff,<br>v.<br><br>LG WARRANTY CO., LLC, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00173-MMD<br><br>ORDER |

## I. INTRODUCTION

This action was initiated for the Court to review the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and Recommendations ("Recommendations"). (ECF No. 1.) Based on its findings, the Bankruptcy Court recommends dismissal of Defendants/Counterclaimants' Counterclaims.[1] (ECF No. 28.) For the reasons discussed herein, the Court adopts the Recommendations.

## II. RELEVANT BACKGROUND

Plaintiffs Janet L. Chubb, the Chapter 7 Trustee for Debtor Access Insurance Services, Inc., and Lennard W. Stillman, Special Deputy Liquidator of Western Insurance Company ("Western"), filed an adversary proceedings in United States Bankruptcy Court, District of Nevada, against Defendants.[2] Defendants asserted Counterclaims and

---

[1]Defendants/Counterclaimants are LG Warranty Co., LLC ("LG"), Dale Holding Co. of Columbus, LLC ("Dale Holding"), Christopher Lucas and Sean M. Gouhin (collectively, "Defendants").

[2]The issue of whether the reference should be withdrawn was litigated in another case before this Court. *See In Re Access Insurance Services Inc.,* Case No. 3:13-cv-00699-MMD.

Western moved for dismissal of the same. (ECF No. 28 at 2.) Defendants consented to the Bankruptcy Court's determination of Western's motion to dismiss, but Western declined to offer consent. (*Id.*) This resulted in the Bankruptcy Court issuing the Recommendations, recommending that the Counterclaims asserted against Western be dismissed. (ECF No. 28.) Defendants object to the Recommendations. (ECF No. 30.) Western has responded and supplemented its response with leave of court.[3] (ECF Nos. 31, 46, 47.)

In the meantime, on March 30, 2017, Defendants' counsel, Sallie B. Armstrong and Downey Brand LLP, moved to withdraw. (ECF No. 35.) On April 3, 2017, the Court granted Ms. Armstrong's motion to withdraw as counsel for Defendants. (ECF No. 40.) The Court gave thirty (30) days for LG and Dale Holding to retain new counsel and for Lucas and Gouhin to file a notice that they intend to represent themselves in proper person. (*Id.*) Because Defendants failed to comply, on May 10, 2017, the Court issued an Order to show cause by June 2, 2017, as to why the Court should not overruled their objection and adopt the Recommendations. (ECF No. 2.) Lucas and Gouhin responded pro se, seeking an extension for Defendants to obtain counsel. (ECF No. 43.) On June 8, 2017, the Court extended an additional forty-five (45) days for them to retain counsel. (ECF No. 44.) That deadline has passed and Defendants have not made an appearance or otherwise responded to the Court's May 10, 2017, Order.

**III.  DISCUSSION**

In its supplemental response, Western argues that the Court has two additional reasons, aside from that presented in Western's response, to adopt the Recommendations. (ECF No. 47.) First, Western contends the Court should dismiss the Counterclaims for Defendants' failure to comply with the Court's orders. Second, Western argues that Defendants' Counterclaims are barred by res judicata because the Counterclaims have been adjudicated in the Third District Court, State of Utah. The

---

[3]The Court gave Defendants ten (10) days to respond to Western's supplement, but Defendants have failed to respond. (ECF No 46.)

2

Court agrees with Western's first argument and declines to address its remaining arguments as raised in its response and supplemental response.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Applying these factors here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Western, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in complying with the court's order or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public

policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's May 10, 2017, Order required Defendants to show cause by the established deadline "why the Court should not overrule their objection and adopt the Bankruptcy Court's [Recommendations] for their failure to comply with the Court's Order." (ECF No. 42.) Accordingly, Defendants had adequate warning that dismissal of their Counterclaims would result from noncompliance with the Court's orders.

**IV.  CONCLUSION**

It is therefore ordered that Defendants' objection to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and Recommendations (ECF No. 30) is overruled. The Court adopts the Bankruptcy Court's Recommendations (ECF No. 29). Defendants' Counterclaims against Western are dismissed.

The Clerk is instructed to enter judgment in accordance with this Order and transmit a copy of this order to the bankruptcy court.

The Clerk is further directed to close this case.

DATED THIS 25th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE